## IN THE UNITED STATES DISTRICT COURT
## THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| CDN INNOVATIONS, LLC<br><br>       Plaintiff,<br><br>  v.<br><br>CEQUEL COMMUNICATIONS, LLC<br>D/B/A SUDDENLINK<br>COMMUNICATIONS<br><br>      Defendant. | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CDN Innovations, LLC ("CDN" or "Plaintiff"), for its Complaint against Defendant Cequel Communications, LLC d/b/a Suddenlink Communications (herein referred to as "Suddenlink" or "Defendant"), hereby alleges the following:

### NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.     Plaintiff CDN is a limited liability company organized under the laws of the State Georgia with a place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

3.   Upon information and belief, Suddenlink is a corporation duly organized and existing under the laws of the State of Delaware, with principal places of business located at 4949 South Broadway, Tyler, Texas 75701 and at 2500 Dallas Pkwy, Plano Texas 75093.  Suddenlink may be served through its registered agent Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

4.      Upon information and belief, Suddenlink sells, offers to sell, and/or uses products and services throughout Texas, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8.      This Court has personal jurisdiction over the Suddenlink under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because Suddenlink has regular and established places of business in this district.  For instance, Suddenlink has offices in this judicial district located at 4949 South Broadway, Tyler, Texas 75701 (see: https://www.suddenlink.com/stores/tx/tyler/4949-south-broadway.html, last visited May 6, 2021) and 5830 Granite Pkwy., Suite 300, Plano, Texas 75024 (see: https://members.planochamber.org/list/member/suddenlink-17927, last visited May 6, 2021).

## BACKGROUND

### The Inventions

*Formatting Information for Display Device*

9.      Harold J. Weber (hereinafter "the '180 Inventor") is the inventor of U.S. Patent No. 6,311,180 ("the '180 patent").  A true and correct copy of the '180 patent is attached as Exhibit A.

10.      The '180 patent resulted from the pioneering efforts of the '180 Inventor in the area of generating a display document, and more particularly generating a display document to conform to a display device.  These efforts resulted in the development of a method and apparatus for generating a display document that conform to a display device according to the display device and viewer preferences of a user in 2000.

*Recognizing Spoken Identifiers*

11.      David B. Anderson (hereafter "the '532 Inventor") the inventor of U.S. Patent No. 6,865,532 ("the '532 patent").  A true and correct copy of the '532 patent is attached as Exhibit B.

12.      The '532 patent resulted from the pioneering efforts of the '532 Inventor in the area of voice operated communication devices, and more particularly the area of recognizing spoken identifiers.  These efforts resulted in the development of a novel method for recognizing spoken identifiers having predefined grammars.

*Processing Image Data for Storage and Retrieval*

13.      Jay Yogeshwar, Stephen A. Martucci, Bobby R. Gupta, Melanie R. Fendt, and Frederick M. Venzie, III (hereinafter "the '598 Inventors") are the inventors of U.S. Patent No. 6,947,598 ("the '598 patent").  A true and correct copy of the '598 patent is attached as Exhibit C.

14.     The '598 patent resulted from the pioneering efforts of the Inventors in the area of archiving, storage, retrieval and distribution of audio, video and/or other types of data.  In particular, in 2001, pioneered efforts in analyzing, encoding, and storing audio/image information, e.g., video information, with encoding complexity level information indicating a determined level of encoding complexity associated with the audio/image.

*Limited-Use Browser and Security System*

15.     Christopher J. Howard, Peter S. Levy, Joshue D. De La Cuesta (hereinafter "the '831, '157 and '227 Inventors") are the inventors of U.S. Patent Nos. 7,130,831 ("the '831 patent"); 7,225,157 ("the '157 patent"); and 8,024,227 ("the '227 patent").  A true and correct copy of the '831 patent is attached as Exhibit D.  A true and correct copy of the '157 patent is attached as Exhibit E.  A true and correct copy of the '227 patent is attached as Exhibit F.

16.     The '831, '157 and '227 patents resulted from the pioneering efforts of the '831, '157, and '227 Inventors in 1999 in the area of Internet browsers and servers, and more particularly, methods and devices for a limited-use browsers and add-in security components and security systems.  These efforts resulted in the development of methods and devices for security system control access to content stored on a server linked to a network and only permitting the content to be accessed by a client computer running the limited-user browser or a general purpose browser executing an add-in security module providing the same functions as the limited-user browser, governing the ability to modify or copy content.

*Television Guidance System*

17.     Francois Martin (hereinafter "the Inventor") is the inventor of U.S. Patent No. 7,164,714 ("the '714 patent").  A true and correct copy of the '714 patent is attached as Exhibit G.

18.    The '714 patent resulted from the pioneering efforts of the Inventor in the area of video transmission, particularly in the area of processing video for generation of mosaics.  These efforts resulted in the development of a method and system for generating a user mosaic in 2002.

*Detecting Port Inactivity*

19.    Brian Gonsalves and Kenneth Roger Jones (hereinafter "the Inventors") are the inventors of U.S. Patent Nos. 7,293,291 ("the '291 patent") and 7,565,699 ("the '699 patent").  A true and correct copy of the '291 patent is attached as Exhibit H.  A true and correct copy of the '699 patent is attached as Exhibit I.

20.    The '291 and '699 patents resulted from the pioneering efforts of the Inventors in the area of computer network connections, particularly in the area of detecting computer port inactivity.  These efforts resulted in the development of a method and system for detecting an idle or inactive data port connection on a personal computer in 2003.

**COUNT 1 – INFRINGEMENT OF U.S. Patent No. 6,311,180**

21.    The allegations set forth in the foregoing paragraphs are incorporated into this Count.

22.    On October 30, 2001, the '180 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method for mapping and formatting information for a display device"

23.    CDN is the assignee and owner of the right, title and interest in and to the '180 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

24.    Upon information and belief, Suddenlink directly infringed one or more of the claims of the '180 patent during the relevant damages period by using the technology identified

in Exhibit J hereto (the "*Accused Display Instrumentalities*").  For example, upon information and belief, Suddenlink used the *Accused Display Instrumentalities* in the United States.

25.     Exemplary infringement analysis showing infringement of claim 1 of the '180 patent is set forth in Exhibit J.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '180 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '180 patent.

26.     Upon information and belief, Suddenlink's use of the *Accused Display Instrumentalities* directly infringed claim 1 the '180 patent during the relevant damages period.

27.     The *Accused Display Instrumentalities* infringed at least claim 1 of the '180 patent during the pendency of the '180 patent.

28.     Upon information and belief, Suddenlink has used the *Accused Display Instrumentalities* in an infringing manner since at least 2015.

29.     CDN has been harmed by the Suddenlink's infringing activities.

## COUNT 2 – INFRINGEMENT OF U.S. Patent No. 6,865,532

30.     The allegations set forth in the foregoing paragraphs are incorporated into this Count.

31.     On March 8, 2005, the '532 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method for recognizing spoken identifiers having predefined grammars."

32.    CDN is the assignee and owner of the right, title and interest in and to the '532 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

33.    Upon information and belief, Suddenlink has and continues to directly infringe one or more claims of the '532 patent by using products, specifically one or more of the products identified in Exhibit K hereto (the "*Accused Speech Recognition Instrumentalities*").  For example, upon information and belief, Suddenlink at least uses and sells the *Accused Speech Recognition Instrumentalities* in the United States.

34.    Exemplary infringement analysis showing infringement of claim 1 of the '532 patent is set forth in Exhibit K.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '532 patent.  CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '532 patent.

35.    Upon information and belief, users of devices containing Suddenlink's *Accused Speech Recognition Instrumentalities* have and will continue to directly infringe claims 1 '532 patent.

36.    Upon information and belief, Suddenlink had knowledge of the '532 patent at least as early as its receipt of CDN's February 22, 2021 letter regarding notice of infringement on February 23, 2021.

37.    Suddenlink's encouragement of others to use the *Accused Speech Recognition Instrumentalities*—knowing that such use, as alleged herein, infringes claims 1 of the '532 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  Suddenlink's

encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Speech Recognition Instrumentalities* are not only configured to enable speech recognition but specifically intended for use as a speech recognition tool.

38.      Upon information and belief, Suddenlink is also liable as a contributory infringer of the '532 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to enable the speech recognition functionality which, as shown in Exhibit K, constitutes an infringement of the '532 patent.  The *Accused Speech Recognition Instrumentalities* are material components for use in practicing the '532 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

39.      The *Accused Speech Recognition Instrumentalities* infringed and continues to infringe claim 1 of the '532 patent during the pendency of the '532 patent.

40.      Upon information and belief, Suddenlink has used the *Accused Speech Recognition Instrumentalities* in an infringing manner since at least 2015.

41.      CDN has been harmed by the Suddenlink's infringing activities.

## COUNT 3 – INFRINGEMENT OF U.S. Patent No. 6,947,598

42.      The allegations set forth in the foregoing paragraphs are incorporated into this Count.

43.      On September 20, 2005, the '598 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Methods and apparatus for generating, including and using information relating to archived audio/video data."

44.    CDN is the assignee and owner of the right, title and interest in and to the '598 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

45.    Upon information and belief, Suddenlink has and continues to directly infringe one or more claims of the '598 patent by using products, specifically one or more of the products identified in Exhibit L hereto (the "*Accused Archiving Instrumentalities*").  For example, upon information and belief, Suddenlink at least uses and sells the *Accused Archiving Instrumentalities* in the United States.

46.    Exemplary infringement analysis showing infringement of claim 1 of the '598 patent is set forth in Exhibit L.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '598 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '598 patent.

47.    Upon information and belief, users of devices containing Suddenlink's *Accused Archiving Instrumentalities* have and will continue to directly infringe claims 1 '598 patent.

48.    Upon information and belief, Suddenlink had knowledge of the '598 patent at least as early as its receipt of CDN's February 22, 2021 letter regarding notice of infringement on February 23, 2021.

49.    Suddenlink's encouragement of others to use the *Accused Archiving Instrumentalities*—knowing that such use, as alleged herein, infringes claims 1 of the '598 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  Suddenlink's encouragement of infringement includes actively advertising, promoting and distributing

technical information through its website (and other sources) that the *Accused Archiving Instrumentalities* are not only configured to enable the processing of video data for storage and retrieval but specifically intended for use as a storage and retrieval tool.

50.    Upon information and belief, Suddenlink is also liable as a contributory infringer of the '598 patent under 35 U.S.C. § 271(c) by offering software products and services especially designed to enable video storage and retrieval functionality which, as shown in Exhibit L, constitutes an infringement of the '598 patent.  The *Accused Archiving Instrumentalities* are material components for use in practicing the '598 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

51.    The *Accused Archiving Instrumentalities* infringed and continues to infringe claim 1 of the '598 patent during the pendency of the '598 patent.

52.    Upon information and belief, Suddenlink has used the *Accused Archiving Instrumentalities* in an infringing manner since at least 2015.

53.    CDN has been harmed by the Suddenlink's infringing activities.

## COUNT 4 – INFRINGEMENT OF U.S. Patent No. 7,130,831

54.    The allegations set forth in the foregoing paragraphs are incorporated into this Count.

55.    On October 31, 2006, the '831 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Limited-use browser and security system."

56.    CDN is the assignee and owner of the right, title and interest in and to the '831 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

57.    Upon information and belief, Suddenlink directly infringed one or more claims of the '831 patent during the relevant damages period by using the technology identified in Exhibit M hereto (the "*Accused Browser Access Instrumentalities*").  For example, upon information and belief, Suddenlink used the *Accused Browser Access Instrumentalities* in the United States.

58.    Exemplary infringement analysis showing infringement of at least claim 1 of the '831 patent is set forth in Exhibit M.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '831 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '831 patent.

59.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringed at least claims 1 '831 patent.

60.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringed claim 1 the '831 patent during the relevant damages period.

61.    The Accused Instrumentality infringed at least claim 1 of the '831 patent during the pendency of the '831 patent.

62.    Upon information and belief, Suddenlink has used the *Accused Browser Access Instrumentalities* in an infringing manner since at least 2015.

63.    CDN has been harmed by the Suddenlink's infringing activities.

## **COUNT 5 – INFRINGEMENT OF U.S. Patent No. 7,225,157**

64.    The allegations set forth in the foregoing paragraphs are incorporated into this Count.

65.    On May 29, 2007, the '157 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Limited-use browser and security system."

66.    CDN is the assignee and owner of the right, title and interest in and to the '157 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

67.    Upon information and belief, Suddenlink directly infringed one or more claims of the '157 patent during the relevant damages period by using the technology identified in Exhibit N hereto (the "*Accused Browser Access Instrumentalities*").  For example, upon information and belief, Suddenlink used the *Accused Browser Access Instrumentalities* in the United States.

68.    Exemplary infringement analysis showing infringement of at least claim 6 of the '157 patent is set forth in Exhibit N.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '157 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '157 patent.

69.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringed at least claim 6 '157 patent.

70.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringed claim 6 the '157 patent during the relevant damages period.

71.    The Accused Instrumentality infringed at least claim 6 of the '157 patent during the pendency of the '157 patent.

72.    Upon information and belief, Suddenlink has used the *Accused Browser Access Instrumentalities* in an infringing manner since at least 2015.

73.    CDN has been harmed by the Suddenlink's infringing activities.

### COUNT 6 – INFRINGEMENT OF U.S. Patent No. 8,024,227

74.    The allegations set forth in the foregoing paragraphs are incorporated into this Count.

75.    On September 20, 2011, the '227 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Limited-use browser and security system."

76.    CDN is the assignee and owner of the right, title and interest in and to the '227 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

77.    Upon information and belief, Suddenlink has and continues to directly infringed one or more claims of the '227 patent during the relevant damages period by using the technology identified in Exhibit O hereto (the "*Accused Browser Access Instrumentalities*").  For example, upon information and belief, Suddenlink uses the *Accused Browser Access Instrumentalities* in the United States.

78.    Exemplary infringement analysis showing infringement of at least claim 16 of the '227 patent is set forth in Exhibit O.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '227 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '227 patent.

79.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringed and continues to infringe at least claim 16 '227 patent.

80.    Upon information and belief, Suddenlink had knowledge of the '227 patent at least as early as its receipt of CDN's February 22, 2021 letter regarding notice of infringement on February 23, 2021.

81.    Suddenlink's encouragement of others to use the *Accused Browser Access Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 16 the '227 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  Suddenlink's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Browser Access Instrumentalities* are not only controlling browser access but specifically governing content access protocols.

82.    Upon information and belief, Suddenlink is also liable as a contributory infringer of the '227 patent under 35 U.S.C. § 271(c) by offering limited-use browser technology especially made to control access to specific web content which, as shown in Exhibit P, constitutes an infringement of the '227 patent.  The *Accused Browser Access Instrumentalities* are material components for use in practicing the '227 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

83.    Upon information and belief, Suddenlink's use of the *Accused Browser Access Instrumentalities* directly infringes claim 16 the '227 patent during the relevant damages period.

84.    Upon information and belief, Suddenlink has used the *Accused Browser Access Instrumentalities* in an infringing manner since at least 2015.

85.    CDN has been harmed by the Suddenlink's infringing activities.

## COUNT 7 – INFRINGEMENT OF U.S. Patent No. 7,164,714

86.     The allegations set forth in the foregoing paragraphs are incorporated into this Count

87.     On January 16, 2007, the '714 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Video transmission and processing system for generating a user mosaic."

88.     CDN is the assignee and owner of the right, title and interest in and to the '714 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

89.     Upon information and belief, Suddenlink has and continues to directly infringe one or more claims of the '714 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit P hereto (the "*Accused Video Guidance Instrumentalities*").  For example, upon information and belief, Suddenlink at least uses, sells and offers to sell the *Accused Video Guidance Instrumentalities* in the United States.

90.     Exemplary infringement analysis showing infringement of at least claims 12, 13, 15 and 17 of the '714 patent is set forth in Exhibit P.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '714 patent.  CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '714 patent.

91.     Upon information and belief, users of devices containing Suddenlink's *Accused Video Guidance Instrumentalities* have and will continue to directly infringe at least claims 12, 13, 15 and 17 of the '714 patent.

92.     Upon information and belief, Suddenlink had knowledge of the '714 patent at least as early as its receipt of CDN's February 22, 2021 letter regarding notice of infringement on February 23, 2021.

93.     Suddenlink's encouragement of others to use the *Accused Video Guidance Instrumentalities*—knowing that such use, as alleged herein, infringes at least claims 12, 13, 15 and 17 the '714 patent—constitutes inducement of others under 35 U.S.C. § 271(b). Suddenlink's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Video Guidance Instrumentalities* are not only transmitting video but specifically processes the video to generate mosaics.

94.     Upon information and belief, Suddenlink is also liable as a contributory infringer of the '714 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to supply a television guide which, as shown in Exhibit P, constitutes an infringement of the '714 patent.  The *Accused Video Guidance Instrumentalities* are material components for use in practicing the '714 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

95.     The *Accused Video Guidance Instrumentalities* infringed and continues to infringe at least claims 12, 13, 15 and 17 of the '714 patent during the pendency of the '714 patent.

96.     Upon information and belief, Suddenlink has used the *Accused Video Guidance Instrumentalities* in an infringing manner since at least 2015.

97.     CDN has been harmed by the Suddenlink infringing activities.

**COUNT 8– INFRINGEMENT OF U.S. PATENT NO. 7,293,291**

98.     The allegations set forth in the foregoing paragraphs are incorporated into this Count.

99.     On November 6, 2007, the '291 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity"

100.     CDN is the assignee and owner of the right, title and interest in and to the '291 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

101.     Upon information and belief, Suddenlink has and continues to directly infringe one or more claims of the '291 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit Q hereto (the "*Accused Port Triggering Instrumentalities*").  For example, upon information and belief, Suddenlink at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in the United States.

102.     Exemplary infringement analysis showing infringement of at least claim 9 of the '291 patent is set forth in Exhibit Q.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '291 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '291 patent.

103.    Upon information and belief, users of devices containing Suddenlink *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 9 of the '291 patent.

104.    Upon information and belief, Suddenlink had knowledge of the '291 patent at least as early as its receipt of this complaint.

105.    Suddenlink's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 9 of the '291 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  Suddenlink's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use with router products designed to utilize port triggering functionality.

106.    Upon information and belief, Suddenlink is also liable as a contributory infringer of the '291 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States especially configured to enable router port forwarding which, as shown in Exhibit Q, constitutes an infringement of the '291 patent.  The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '291 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

107.    The *Accused Port Triggering Instrumentalities* infringed and continues to infringe at least claim 9 of the '291 patent during the pendency of the '291 patent.

108.    Upon information and belief, Suddenlink has used the *Accused Port Triggering Instrumentalities* in an infringing manner since at least 2015.

109.    CDN has been harmed by the Suddenlink's infringing activities.

## COUNT 9 – INFRINGEMENT OF U.S. PATENT NO. 7,565,699

110.    The allegations set forth in the foregoing paragraphs are incorporated into this Count.

111.    On July 21, 2009, the '699 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity"

112.    CDN is the assignee and owner of the right, title and interest in and to the '699 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

113.    Upon information and belief, Suddenlink has and continues to directly infringe one or more claims of the '699 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit R hereto (the "*Accused Port Triggering Instrumentalities*").  For example, upon information and belief, Suddenlink at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in the United States.

114.    Exemplary infringement analysis showing infringement of at least claim 9 of the '699 patent is set forth in Exhibit R.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Suddenlink with respect to the '699 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '699 patent.

115.    Upon information and belief, users of devices containing Suddenlink's *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claim 9 of the '699 patent.

116.    Upon information and belief, Suddenlink had knowledge of the '699 patent at least as early as its receipt of this complaint.

117.    Suddenlink's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 9 of the '699 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  Suddenlink's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use with router products designed to utilize port triggering functionality.

118.    Upon information and belief, Suddenlink is also liable as a contributory infringer of the '699 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially configured to enable router port triggering which, as shown in Exhibit R, constitutes an infringement of the '699 patent.  The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '699 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

119.    The *Accused Port Triggering Instrumentalities* infringed and continues to infringe at least claim 9 of the '699 patent during the pendency of the '699 patent.

120.    Upon information and belief, Suddenlink has used the *Accused Port Triggering Instrumentalities* in an infringing manner since at least 2015.

121.    CDN has been harmed by the Suddenlink infringing activities.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDN demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CDN demands judgment for itself and against Suddenlink as follows:

A.    An adjudication that the Suddenlink has infringed the patents asserted herein;

B.    An award of damages to be paid by Suddenlink adequate to compensate CDN for Suddenlink's past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

D.    An award to CDN of such further relief at law or in equity as the Court deems just and proper.

Dated: May 18, 2020                           DEVLIN LAW FIRM LLC

                                              */s/ James M. Lennon*
                                              Timothy Devlin (DE Bar No. 4241)
                                              tdevlin@devlinlawfirm.com
                                              James M. Lennon (DE Bar No. 4570)
                                              jlennon@devlinlawfirm.com
                                              1526 Gilpin Ave.
                                              Wilmington, Delaware 19806
                                              Telephone: (302) 449-9010
                                              Facsimile: (302) 353-4251

                                              *Attorneys for Plaintiff CDN Innovations, LLC*